IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03627-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may delay the consideration of your claims.**)

JAIRO ROEL SANCHEZ CRUZ,

Petitioner,

v.

ROBERT GUARDIAN, Office Director of ICE,

Respondent.

---

## ORDER TO FILE AMENDED HABEAS APPLICATION

---

Petitioner Jairo Roel Sanchez Cruz is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. On August 10, 2026, Petitioner initiated this case by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application") and paying the filing fee. (ECF No. 1).[1] Accordingly, this habeas corpus action was opened.

The Court must construe the Application liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

[1] "(ECF No. 1)" is an example of the convention used to identify the docket number assigned to a specific filing by the court's Case Management/Electronic Case Files (CM/ECF) system. The convention is used throughout this order.

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Petitioner will be ordered to file an amended habeas application.

## BACKGROUND

Though not entirely clear, Petitioner appears to be a native of Honduras who entered the United States on an unknown date under unknown circumstances. (ECF No. 1 at 2, 4). Petitioner alleges that on February 25, 2026, he was detained by ICE officers on February "while traveling to [his] place of employment." (ECF No. 1 at 2-3). He states that prior to his detention, he was employed, paid taxes, and resided with his family in the United States. (*Id.*). The Application does not identify the basis for his detention.

Based on these limited facts, Petitioner brings two claims asserting that his immigration detention is "unlawful and unjustified because I do not pose a danger to the community and I am not a flight risk." (*Id.* at 2). Petitioner further states that his continued detention "imposes extraordinary hardship on his family[.]" (*Id.* at 3). As relief, Petitioner asks the Court to order his immediate release from detention. (*Id.* at 5).

The Court will now turn to the pleading issues presented by the Application.

## PLEADING ISSUES

### 1. Petitioner needs only to name his immediate custodian as respondent.

The proper respondent in a habeas corpus action is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody."[2] Warden Juan Baltazar is therefore the proper respondent, and the amended application should name Warden Baltazar as respondent,

**2. Petitioner must allege a specific violation of federal law.**

Petitioner's amended application must clearly allege the violation of a federal right. Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Petitioner must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S.

[2] A "district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254.]" Habeas Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

644, 655 (2005). “A prime purpose of Rule 2(c)’s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to ‘show cause why the writ should not be granted.’” *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

In the amended application, Petitioner must provide a clear statement of the claims he is asserting, along with the facts supporting each claim. Therefore, Petitioner should include specific factual allegations explaining:

- the date Petitioner’s current detention began and the total time he has been in custody;
- whether he has been placed in removal proceedings and, if so, when those proceedings began (for example, the issuance of a Notice to Appear) and their current status;
- whether a final order of removal has been entered against him and, if so, its date—or, if no final order has been entered, the current posture of his immigration proceedings;
- if a final order of removal has been entered, whether his country of citizenship has agreed to accept him and the status of any efforts to remove him;
- the current status of his pending application for asylum;

- whether he has ever requested or been afforded an individualized bond hearing before an immigration judge; if so, the date, the outcome, and any bond amount set;
- whether he has ever been released on bond or to supervision, the conditions of any such release, and whether and why it was revoked;
- the facts bearing on his ties to the community—such as family members residing in the United States, employment history, and length of residence—that are relevant to any flight-risk and danger assessments he challenges; and
- any other facts showing Petitioner would appear as required if released.

The amended habeas corpus application should include these background facts so the Court can determine whether his detention is unlawful and whether he is entitled to the relief being requested. Petitioner must therefore file an amended habeas application that clearly pleads a cognizable federal claim.

## CONCLUSION

Accordingly, it is ORDERED that Petitioner shall have thirty (30) days from the date of this order to file an amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Petitioner must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Petitioner shall obtain and utilize the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The form, along with the applicable instructions, can be found at www.cod.uscourts.gov.

It is

FURTHER ORDERED that Petitioner must submit a single, completed application on the court-approved form as one document that contains all claims and allegations. Petitioner is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that if Petitioner fails to file an amended habeas application as directed within the time allowed, the action may be dismissed without further notice.

DATED August 12, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge